IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHELBY LEON DAVENPORT,       § | |
| Petitioner,       § | |
| § | |
| v.       § | CASE NO. 3:17-CV-3259-L-BK |
| § | |
| LORIE DAVIS,       § | |
| Director, TDCJ-CID,       § | |
| Respondent.       § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

**I. BACKGROUND**

Petitioner Shelby Leon Davenport was charged in three separate indictments with aggravated robbery with a deadly weapon. Doc. 16-4 at 4; Doc. 16-9 at 4; Doc. 16-13 at 4. Pursuant to a Plea Agreement for a non-binding recommended sentence of 30 years' incarceration, Davenport pled guilty to all three offenses on February 8, 2016.[1] Doc. 16-4 at 6-9; Doc. 16-9 at 7-10; Doc. 16-13 at 6-9. The trial court sentenced him to 20 years' imprisonment on each count, to be served concurrently. Doc. 16-4 at 10-12; Doc. 16-9 at 11-13; Doc. 16-13 at 10-12. Davenport did not file a direct appeal, Doc. 3 at 3, and on November 8, 2017, the Texas Court of Criminal Appeals ("TCCA") denied state habeas relief without written order. *Ex Parte*

---

[1] Although Davenport also pled guilty at that time to two lesser felony offenses, he does not challenge those convictions here.

*Davenport*, Case No. WR-87,327-01, Doc. 16-1; Case No. WR-87,327-02, Doc. 16-6; Case No. WR-87,327-03, Doc. 16-10.

The Court received Davenport's Section 2254 petition on December 1, 2017, alleging that his trial counsel provided ineffective assistance. Doc. 3. The Government filed a response, arguing that the petition fails on the merits. Doc. 15. Davenport filed a reply. Doc. 18.

## II. LEGAL STANDARDS

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *see Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). To

obtain habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,102-03 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98.

A federal district court must be deferential to state court findings supported by the record. *Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

A state court's factual findings "shall be presumed to be correct" unless petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Davenport alleges his trial counsel provided ineffective assistance by incorrectly advising him of the possible range of punishment if he were to proceed to trial, resulting in Davenport's involuntarily guilty plea.

3

### A. Applicable Law

To establish ineffective assistance of trial counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 688. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that, "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Petitioner must "affirmatively prove, not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 691. Additionally, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance, [under *Strickland*, 466 U.S. at 689], through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by Section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101.

### B. Involuntary Plea

A guilty plea generally waives constitutional deprivations occurring prior to the plea. *Haring v. Prosise*, 462 U.S. 306, 319–20 (1983). Moreover, a knowing and voluntary guilty plea waives all nonjurisdictional defects that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.1983).

A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

> When a petitioner challenges the voluntariness of his guilty plea entered pursuant to the advice of counsel on ineffective assistance grounds, he must establish that his counsel's advice fell below the range of competence demanded of an attorney in a criminal case. Further, he must show prejudice by establishing that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial. This assessment will turn partially on a prediction of what the outcome of a trial might have been.

*Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005) (internal citations and quotations omitted). Thus, the issue is not whether a petitioner has shown ineffective assistance of counsel, but "whether the state court's decision–that [petitioner] did not make the *Strickland* showing–was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).

Here, Davenport alleges that his trial counsel, Phillip Barton (Barton), provided ineffective assistance by erroneously advising him about the range of punishment he faced. Doc. 3 at 16. Specifically, Davenport claims that Barton told him "that a sentencing range of 25 years to 99 years or Life applied under the Habitual Offender statute if [Davenport] proceeded to trial. *Id.* Davenport avers that, had counsel investigated his past convictions,[2] counsel would have known that they "did not meet Habitual Offender enhancement requirements," and thus, the punishment range would have been less. *Id.* Davenport avers that but for this error, "he would not have plead [sic] guilty and would have insisted on going to trial." *Id.* However, Davenport fails to demonstrate deficient performance or prejudice.

In an attempt to establish prejudice, Davenport mentions two prior plea-bargain offers—for 30- and 25-year prison terms—that he purportedly refused. Doc. 3 at 25. Davenport claims that "subsequent to [his] repeated refusals to accept plea bargain offers and insistence on going to trial, [he] later elected to plead guilty when faced with counsel's advised sentencing range of 25 years to Life being applicable if petitioner proceeded to trial." Doc. 3 at 25. The record does not reflect the prior offers or why they were not accepted, and Davenport relies only on his self-serving assertions. Such "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Even assuming deficient performance, Davenport likewise fails to indicate any record evidence that supports his self-serving and conclusory assertion that had Barton not advised him that he faced an enhanced imprisonment range of 25 years to life, Davenport would have chosen to proceed to trial. *Richter*, 562 U.S. at 112. Thus, he has failed to "affirmatively prove" that he

---

[2] Although Davenport separately alleges a failure to investigate claim, it is inextricably intertwined, both factually and legally, with his ineffective assistance claim.

was prejudiced by his counsel's alleged failure to properly advise him regarding the range of punishment that would be applicable if he proceeded to trial rather than plead guilty. *Strickland, 466 U.S. at 693*.

The evidence supports the opposite conclusion and the state courts' finding that Davenport failed to establish deficient performance and prejudice. In his affidavit, Davenport's counsel averred:

> The Defendant [Davenport] pled guilty and went before the Court on an Open Plea on 02/08/2016 in each of the five cases.
>
> ***
>
> The Defendant was faced with five felony charges with enhancements for use of a deadly weapon and a prior felony conviction. The State was going to add the prior felony enhancement to the three Aggravated Robbery Charges but agreed not to do so in exchange to a plea of Guilty before the Court on an open plea as to punishment. I fully discussed the situation with the Defendant and his right to a trial and that he was not required to waive any rights. The Defendant agreed to the terms and we went before the Court on all five cases. The Defendant plea [sic] Guilty on all five cases. He received 2 years TDCJ time on the two 3rd Degree Felonies and 20 years TDCJ time on the three First Degree Felonies.
>
> ***
>
> The case that the State did use in Case No. F-1553883 (Evading Arrest/ Det/ w/ Vehicle) for enhancement (no writ was filed in this case) was Case No. CR00000835-02 - Possession of Controlled Substance Cocaine with Intent to Distribute in the Circuit Court of Norfolk County, Virginia - conviction date June 17, 2011 is the case the State was going to use for enhancement in F-1575501; F-1575500; and F-1520713 which would have increased the minimum range of punishment from 5 years to 15 years under §12.42(d) Texas Code of Criminal Procedure. There was the possibility of other criminal convictions[,] but these were not further investigated because the Defendant wanted the Court have the range of the least punishment available for the Court to consider which was 5 to 99 years verses 15 to 99 years. The 25[-]year minimum was only discussed in the context of, if there was a trial and if there were two convictions that met the requirements for an Habitual Offender verses an Repeat Offender. The Defendant seemed satisfied with giving the Court the lessor punishment range. I formulate [sic] this strategy that was in my opinion reasonable at the time and was a balanced tactic and strategy for a settlement of the case to effectuate Defendant's desire to give the trial Court the least range of punishment that would not be available at trial.

7

> The Defendant was fully advised by me and the trial Court as to what he was charged with in each case and what he was pleading Guilty to. The only contested item which was unsettled was the punishment. The Defendant after being presented the options of a trial or having to go before the Judge with a range of punishment of 5 to 99 years, chose the open plea. The Defendant was very unhappy with the 20[-]year sentence and the questions and talk about an appeal commenced.

Doc. 16-3 at 3-5; Doc. 16-8 at 3-5; Doc. 16-12 at 3-5.

Here, Davenport simply revives the arguments presented in his state habeas petitions in support of his claim of involuntary guilty pleas due to ineffective assistance of counsel, which the state habeas courts rejected. Doc. 16-1; Doc. 16-6; Doc. 16-10. With nothing more, Davenport wholly fails to demonstrate the state court decision was improper.[3] *Williams*, 529 U.S. at 402-03 (2000). Davenport has wholly failed to show that the state habeas court's conclusion on this claim amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)). Accordingly, his claim fails.

## IV. REQUEST FOE EVIDENTIARY HEARING

Davenport apparently requests an evidentiary hearing. Doc. 3 at 28; Doc. 18. However, as previously explained, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at181; *see also Blue*,

---

[3] Davenport attempts to bolster his argument by providing a written statement from Xavia Gatson different than the one presented to the state habeas court. *Compare* Doc. 3 at 47 with Doc. 16-4 at 65; Doc. 16-9 at 76; Doc. 16-13 at 75. Because the statement was not presented to the state court, however, this Court does not consider it. A "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)).

665 F.3d at 656. Petitioner cannot overcome the limitation of Section 2254(d) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

## V. CONCLUSION

Davenport has not demonstrated that the state court's decision rejecting his claim for ineffective assistance of counsel was an unreasonable application of clearly established federal law or unreasonable in light of the evidence. 28 U.S.C. § 2254(d). Accordingly, Davenport's petition for writ of habeas corpus should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 25, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).